COMMONWEALTH *vs.* DAVID ALERS. July 5, 1983. *Practice, Criminal,*
Sentence.

The only issue presented on this appeal by the Commonwealth is
whether the Superior Court judge had jurisdiction to reduce the
minimum terms of certain of the defendant's sentences, imposed after the
defendant's guilty pleas. Both the Commonwealth and the defendant re-
ly on the provisions of Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), and
so it is not necessary for us to consider the possible application of G. L.
c. 278, § 29C, which was in effect at some relevant times, but which was
repealed by St. 1979, c. 344, § 48, effective July 1, 1979. See
Mass.R.Crim.P. 1A, 378 Mass. 843 (1979).

1. The judge properly treated the defendant's inartfully expressed letter
to him, in which the defendant asked for whatever relief was available, as,

in part at least, a motion to revoke and revise the sentences. The substance and not the style of a pleading controls. *Commonwealth* v. *Geagan,* 339 Mass. 487, 495 (1959). As thus treated, the motion was timely filed under either G. L. c. 278, § 29C, or Mass.R.Crim.P. 29(a). The Commonwealth makes no argument that the judge was required to rule on the motion within the sixty day period.

2. There was no abuse of discretion or error of law in the reduction of the sentences. See *District Attorney for the No. Dist.* v. *Superior Court,* 342 Mass. 119, 126-129 (1961); *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 269-270 (1982).

3. The orders reducing the minimum terms of the sentences imposed on indictments numbered 97529, 97530, 97533, 97534, 97535, and 97536 are affirmed.

*So ordered.*

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.

*Lawrence J. McGuire* for the defendant.